## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 26, 2021

Ms. Joyce W. Cooper
Agee Owens
110 N. Spring Street
Suite 100
McMinnville, TN 37110

Ms. Jennifer Smith Rusie
Ogletree Deakins
401 Commerce Street
Suite 1200
Nashville, TN 37219

        Re:  Case No. 19-5395, *Larry Redmon v. Yorozu Automotive TN, Inc.*
             Originating Case No. : 4:18-cv-00038

Dear Counsel,

    The Court issued the enclosed opinion today in this case.

                                      Sincerely yours,

                                      s/Cathryn Lovely
                                      Opinions Deputy

cc:  Mr. John L. Medearis

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0053n.06

No. 19-5395

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Jan 26, 2021
> DEBORAH S. HUNT, Clerk

LARRY SHANE REDMON, )
)
   Plaintiff-Appellant, )
) 
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
) THE EASTERN DISTRICT OF
YOROZU AUTOMOTIVE TENNESSEE, ) TENNESSEE
INC., )
)
   Defendant-Appellee. )

BEFORE: BATCHELDER, GRIFFIN, and STRANCH, Circuit Judges.

PER CURIAM. Larry Shane Redmon appeals the district court's judgment dismissing his employment discrimination complaint for failure to state a claim. As set forth below, we **VACATE** the district court's judgment and **REMAND** for further proceedings.

Redmon filed a complaint against his former employer, Yorozu Automotive Tennessee, Inc., claiming employment discrimination and harassment based on his sexual orientation and retaliation for filing charges with the Equal Employment Opportunity Commission in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17. Redmon also asserted state-law claims for employment discrimination in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*, negligent hiring and supervision, and tortious interference with business relationships.

Yorozu Automotive filed a motion to dismiss Redmon's complaint for failure to state a claim, asserting in relevant part that Title VII does not apply to claims based on sexual orientation.

No. 19-5395, *Redmon v. Yorozu Auto. Tenn., Inc.*

The district court granted Yorozu Automotive's motion to dismiss. The court concluded that it was bound by *Vickers v. Fairfield Medical Center*, which rejected the contention that sexual orientation is a protected class under Title VII. 453 F.3d 757, 762 (6th Cir. 2006). The district court dismissed Redmon's Title VII claims with prejudice and declined to exercise supplemental jurisdiction over his state-law claims.

This timely appeal followed. Redmon filed a petition for initial hearing en banc, which this court denied.[1] Asserting that *Vickers* should be overruled, Redmon argues that he stated a claim for sex discrimination under Title VII by alleging that his employer subjected him to harassment and ultimately terminated his employment because of his sexual orientation. In response, Yorozu Automotive acknowledges that this case should be remanded to the district court for further proceedings in light of the Supreme Court's intervening decision in *Bostock v. Clayton County*, which concluded that discrimination against an individual for being homosexual constitutes discrimination because of that individual's sex under Title VII. 140 S. Ct. 1731, 1741 (2020) ("[I]t is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex.").

Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings.

---

[1] We granted a motion by defendant to hold the case in abeyance pending the Supreme Court's decision on the petitions for certiorari in *Bostock v. Clayton County*, (No. 17-1618), and *Altitude Express, Inc.v. Zarda*, (No. 17-1623).